# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 3, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DEBORA L. WHITE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0304**  (BOR Appeal No. 2048780)
                    (Claim No. 970061234)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debora L. White, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 28, 2014, in which the Board affirmed an August 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 31, 2013, decision denying Ms. White's request for a 5% psychiatric permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On May 6, 1997, Ms. White sustained multiple injuries when a patient she was assisting fell on top of her. The claim was initially held compensable for a sprain of the hip/thigh, and the claim was later held compensable for various injuries to Ms. White's left ankle. On January 25, 2013, Ms. White submitted a request for authorization of a 5% psychiatric permanent partial disability award to the claims administrator. The basis of the request was a February 3, 2003, psychiatric independent medical evaluation performed by Ryan Finkenbine, M.D. Dr. Finkenbine diagnosed Ms. White with recurrent major depressive disorder that is in full remission. He opined that the May 6, 1997, injury acted as an aggravating factor with respect to her disorder, and opined that she sustained 5% psychiatric whole person impairment as a result of the work-related injury. On January 31, 2013, the claims administrator denied Ms. White's request for a 5% psychiatric permanent partial disability award based on a finding that there has not been a compensable diagnosis for a psychiatric condition added to the claim.

In its Order affirming the January 31, 2013, claims administrator's decision, the Office of Judges held that because there is not a compensable psychiatric diagnosis in this claim, a psychiatric permanent partial disability award cannot be granted. Ms. White disputes this finding and asserts that she is entitled to a 5% psychiatric permanent partial disability award based upon the psychiatric independent medical evaluation of Dr. Finkenbine.

The Office of Judges found that Ms. White did not submit any evidence indicating that a psychiatric diagnosis has ever been added as a compensable component of the claim. Further, the Office of Judges found that Ms. White has offered a psychiatric independent medical evaluation that is more than ten years old in an effort to obtain a psychiatric permanent partial disability award without requesting that a psychiatric condition be added as a compensable diagnosis. The Office of Judges then concluded that Dr. Finkenbine's 2003 recommendation cannot be utilized as the basis for a psychiatric permanent partial disability award because there is not a compensable psychiatric diagnosis. The Board of Review reached the same reasoned conclusions in its decision dated February 28, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II